NICHOLAS A. TRUTANICH
United States Attorney
Nevada Bar No. 13644
CHRISTOPHER BURTON
Nevada Bar No. 12940
ELHAM ROOHANI
Nevada Bar No. 12080
Assistant United States Attorney
501 Las Vegas Boulevard South; Suite 1100
Las Vegas, Nevada 89101
Phone: 702-388-6336
christopher.burton4@usdoj.gov
elham.roohani@usdoj.gov

```
_____FILED          _____RECEIVED
_____ENTERED        _____SERVED ON
              COUNSEL/PARTIES OF RECORD

              FEB 25 2019

         CLERK US DISTRICT COURT
           DISTRICT OF NEVADA
BY:_____DEPUTY
```

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

           Plaintiff,

vs.

WILLIAM CLYDE THOMPSON,
           Defendant.

District of Nevada Case No: 2:13-cr-00368-JAD-VCF

District of Arizona Case No: CR-15-8082-PCT-SMM (JZB)/2:19-cr-00047-JAD-VCF

**BINDING PLEA AGREEMENT UNDER FED. R. CRIM. P. 11 (c)(1)(A) and (C)**

    Plaintiff United States of America, by and through NICHOLAS A. TRUTANICH, United States Attorney, Christopher Burton and Elham Roohani, Assistant United States Attorneys, the defendant WILLIAM CLYDE THOMPSON, and the defendant's attorneys, Heidi Ojeda and Brenda Weksler, Assistant Federal Public Defenders, submit this Binding Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A) and (C).

. . .

. . .

## I.   SCOPE OF AGREEMENT

The parties to this Plea Agreement are the United States of America and WILLIAM CLYDE THOMPSON (the defendant). This Plea Agreement, if accepted, binds the defendant, the United States Attorney's Office for the District of Nevada, the United States Attorney's Office for the District of Arizona, and the Court. It does not bind any other prosecuting, administrative, or regulatory authority, or the United States Probation Office.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution and forfeiture. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

## II.   DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A.   <u>Guilty Plea</u>. The defendant knowingly and voluntarily agrees to plead guilty to the:

- Superseding Indictment filed in the United States District Court for the District of Nevada, on February 11, 2015, in Case No: 2:13-cr-00368-JAD-VCF (hereinafter "Superseding Indictment") alleging,
  - o **Count One:** *Child Exploitation Enterprise* in violation of Title 18, United States Code, Section 2252A(g).
  - o **Count Two:** *Sexual Exploitation of a Child* in violation of Title 18, United States Code, Sections 2251(a) and (e).

- o **Count Three:** *Conspiracy to Produce Child Pornography* in violation of Title 18, United States Code, Sections 2251(a) and (e).

- o **Count Four:** *Distribution of Child Pornography* in violation of Title 18, United States Code, Sections 2252A(a)(3) and (b)(1).

- o **Count Five:** *Conspiracy to Distribute Child Pornography* in violation of Title 18, United States Code, Sections 2252A(a)(3) and (b)(1).

- Redacted Indictment filed in the United States District Court for the District of Arizona, on May 13, 2015, in Case No: CR-15-8082-PCT-SMM (JZB)/2:19-cr-00047-JAD-VCF (hereinafter "Redacted Indictment") alleging,

  - o **Counts One through Nine, and Counts Eleven and Twelve**: *Production of Child Pornography* in violation of Title 18, United States Code, Sections 2251(a), 2251(e), and 2256.

  - o **Counts Ten, Thirteen, and Fourteen:** *Possession of Child Pornography* in violation of Title 18, United States Code, Sections 2252A(a)(5)(B), 2252A(b)(2), and 2256.

The defendant also agrees to the forfeiture of the property and the imposition of the forfeiture of the property as set forth in this Plea Agreement, the Bill of Particulars, and the Forfeiture Allegations of the Superseding Indictment and Redacted Indictment.

B.    Waiver of Trial Rights. The defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving

up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the defendant is giving up:

    1.    The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

    2.    The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

    3.    The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

    4.    The right to testify in his own defense at such a trial if he so chooses;

    5.    The right to compel witnesses to appear at such a trial and testify in the defendant's behalf; and

    6.    The right to have the assistance of an attorney at all stages of such proceedings.

    C.    <u>Withdrawal of Guilty Plea</u>. The defendant will not seek to withdraw his guilty pleas after he has entered them in court.

    D.    <u>Additional Charges</u>. The United States agrees not to bring any additional charges against the defendant arising out of the investigations in the District of Nevada and the District of Arizona which culminated in this Plea Agreement and based on conduct known to the United States, except that the United States reserves the right to prosecute the defendant for any crime of violence as defined by 18 U.S.C. § 16.

## III.    ELEMENTS OF THE OFFENSES

The elements of the offenses to which the defendant is pleading guilty are as follows:

. . .

*Child Exploitation Enterprise*, 18 U.S.C. § 2252A(g)

1. The defendant engaged in a series of felony violations of Title 18, United States Code, Sections 2252(a)(2) and (a)(4)(B), constituting three or more separate incidents;

2. Each incident involved one or more minor victim(s); and

3. The defendant committed those incidents in concert with three or more people.

*Sexual Exploitation / Production of Child Pornography*, 18 U.S.C. § 2251(a) and (e)

1. The defendant employed, used, persuaded, induced, enticed, or coerced a minor;

2. To engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

3. The visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate commerce by any means, including by computer.

*Conspiracy to Produce Child Pornography*, 18 U.S.C. § § 2251(a) and (e)

1. The defendant conspired to violate Title 18, United States Code, Sections 2251(a) and (e).

*Distribution of Child Pornography*, 18 U.S.C. § 2252A(a)(3) and (b)(1)

1. The defendant knowingly distributed child pornography, as defined by 18 U.S.C. § 2256(8), or material which contained such child pornography;

2. Such items of child pornography or material containing such child pornography had been mailed, shipped or transported in interstate or foreign commerce, by any means, including by computer; and,

5

3. The defendant knew that such item(s) or material constituted or contained child pornography as defined in 18 U.S.C. § 2256(8).

_Conspiracy to Distribute Child Pornography_, 18 U.S.C. § 2252A(a)(3) and (b)(1)

1. The defendant conspired to violate Title 18, United States Code, Section 2252A(a)(3) and (b)(1).

_Possession of Child Pornography_, 18 U.S.C. § 2252A(a)(5)(B), (b)(2), and 2256

1. The defendant knowingly possessed child pornography, as defined by 18 U.S.C. § 2256(8), or material which contained such child pornography;

2. Such items of child pornography or material containing such child pornography had been mailed, shipped, or transported in interstate or foreign commerce, by any means, including by computer; and,

3. The defendant knew that such item(s) or material constituted or contained child pornography as defined in 18 U.S.C. § 2256(8).

## IV.   FACTS SUPPORTING GUILTY PLEA

A.   The defendant will plead guilty because he is, in fact and under the law, guilty of the crimes charged.

B.   The defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt and establish its right to forfeit the items listed in the Redacted Indictment and Superseding Indictment and the accompanying Bills of Particulars.

The defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offenses.

C.     The defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offenses.

D.     The defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

Beginning on a date unknown, but no later than November 2011, the defendant met ten-year-old victim S.T. The defendant told S.T. he was a photographer and asked S.T. to model for him. The defendant conducted several photography sessions with S.T. at the defendant's residence located at 4708 English Ivy Court in Las Vegas, Nevada, and also at the defendant's office, Storybook Studios, located at 3365 West Craig Road #4 in Las Vegas, Nevada. When S.T. started modeling for the defendant, S.T. remained clothed. However, as time passed, the defendant would ask S.T. to undress and, while S.T. was naked, the defendant would photograph him. The defendant would also direct S.T. to touch himself and would photograph him in lascivious poses. In a video of S.T. produced by the defendant, S.T. is seen lying naked on a bed masturbating. In a second video, S.T. is shown showering and masturbating. In a third video, S.T. can be seen in a hot tub masturbating in the presence of another minor, J.C. All of these acts were undertaken by S.T. at the direction of the defendant. The defendant told S.T. not to tell anybody what kind of pictures and videos the defendant was taking. During this same time, S.T. was a skateboarder and the defendant introduced him to N.M. (an adult) as a potential sponsor.

On November 23, 2012, N.M. contacted S.T.'s mother and informed her that he had received pornographic photos and videos of S.T. and N.M. believed S.T. was in danger. S.T.'s mother spoke to S.T., who confirmed the defendant used S.T. to produce

pornographic photos and videos. S.T.'s mother reported the matter to Las Vegas Metropolitan Police Department on November 24, 2012.

On November 25, 2012, search warrants were executed at the defendant's residence and business office. Multiple digital devices belonging to the defendant were seized from both locations pursuant to those warrants. During a subsequent forensic examination of the devices, over 10,000 files of child sexual exploitation photos and videos were recovered from the defendant's digital devices. Folders containing child pornography were designated by names, such as: "Kayden," "Dante," "Javon," "Megan," "Robbie," "Surf Camp," "Cory," "Justin" and "Gage."

On January 11, 2013, the defendant was arrested in the State of Nevada on charges of Lewdness with a Minor-Victim Under 14 and Use of a Minor in Production of Child Pornography. The state court ordered the defendant to be placed on house arrest and monitored by the means of an ankle bracelet pending further state court proceedings. Subsequently, the defendant cut off his monitoring device and fled the Las Vegas area. On September 11, 2013, a "No Bail" warrant was issued by the state court for the defendant. On September 25, 2013, the defendant was indicted on federal charges of Sexual Exploitation of a Child, Advertising Child Pornography, Transportation of Child Pornography, and Distribution of Child Pornography (case number 2:13-cr-00368). A federal arrest warrant was issued.

While absconding from the state charges, and with a federal arrest warrant pending, the defendant contacted at least six minor males (K.S., T.R., D.G., N.H., B.H., and J.M.) in the spring and summer of 2014 at the Needles California Skate Park. The six minor males were friends and met the defendant at different times throughout the

summer. The defendant identified himself as "Tony Bailor" and "Jason Brock" and told the boys he was a "scooter sponsor."

The defendant asked some of the boys to recruit other minor boys to be part of a "team" he claimed he wanted to sponsor. During this same time, the defendant met David YODER. YODER and the defendant used YODER's minor child to recruit other minor boys to be part of the "team" and model for the defendant with the intention of producing child pornography and sexually abusing the minor children. The defendant provided the boys gifts such as cell phones, scooters, skateboards, and clothing to induce their compliance. The defendant also met Nolan HARPER and Eric MONSIVAIS and directed both to likewise provide the minors with gifts for the purpose of recruiting and enticing the minors to be part of the same "team." The defendant also met many of the parents and guardians for the boys and identified himself as a scooter sponsor and professional photographer to reduce their suspicions.

Eventually, the defendant convinced the boys to travel to his Mohave Valley, Arizona, residence, rented in YODER's name, for photo shoots on several occasions. The minor boys would typically go to the defendant's residence in groups, but without their guardians, and spend significant time with the defendant, YODER, MONSIVAIS, and HARPER. The defendant told the boys that they would be paid for the photos he took of them and that he would re-sell the photos online through a website. Initially, the defendant provided the boys with clothing to wear and took photos of them in various stages of undress, while directing them on how to pose. The defendant then encouraged the boys to take photos in the same poses while nude and exposing their genitalia. When the boys expressed hesitation, the defendant would tell them they could not be paid

unless they took the photos. The defendant then took photos of the minor boys nude and directed the boys to masturbate for photos and videos. The defendant had some of the boys take pornographic pictures of each other.

After some of the photo shoots, the defendant showed the boys his bank account balance, claiming the thousands of dollars shown to be in the account was the result of selling the photos and videos he took of the boys. The defendant also showed at least some of the boys the website and emails that he used to distribute the pornographic photos he produced of them. In other instances, the defendant told the boys that prospective buyers had requested specific boys, poses, and clothing in the creation of the pornographic depictions. The boys complied with the defendant's requests because of the money, alcohol, and marijuana he provided them, as well as because of the similar items MONSIVAIS, YODER, and HARPER, provided them, in furtherance of the ongoing conspiracy to exploit the children. In the span of approximately six months, the defendant produced in excess of 20,000 images and videos depicting minors K.S., T.R., D.G., N.H., B.H., and J.M. The videos and images ranged from what would be classified as child erotica to what qualifies as child pornography under federal law. On many occasions, YODER, HARPER and MONSIVAIS were also present during these events and all were aware the defendant was using minors in the production of pornographic materials. YODER, HARPER and MONSIVAIS conspired with, provided for, and benefited from the defendant's criminal actions.

The defendant, together with HARPER, created multiple websites to distribute the child pornography the defendant produced. The websites were created by the defendant but were in HARPER's name. HARPER handled any taxes for the websites

and received a cut of the profits the defendant received. YODER also received money for his assistance in recruiting minors used to produce child pornography. The defendant would send HARPER hyperlinks to sets of child pornography photos and videos he had produced via email. HARPER would download the files to his computer and then upload them to a cloud-based service and send the defendant the link to the newly uploaded files. The defendant would then post sample photos on one of the websites he and HARPER owned and, when someone purchased the photos based on the sample, the defendant would send the purchaser a hyperlink to the files on the cloud-based service.

On January 27, 2015, Special Agent (SA) Scott Hendricks, pursuant to an ongoing investigation, conducted a traffic stop on a vehicle the defendant was driving in Mohave Valley, Arizona. During the stop, the defendant identified himself but claimed the other people in the vehicle knew him as "Tony D. Bailor." The defendant's driver's license had also been altered to read "Tony D. Bailor." Inside the vehicle were C.H., N.H., and B.H. The defendant stated that there were various laptops and cameras in the car, and the defendant consented to a search of all of the digital devices. The defendant further stated that there would be pornographic pictures of the two minors N.H. and B.H. on the cameras in the vehicle. S.A. Hendricks secured a number of the defendant's digital devices in the vehicle and arrested the defendant.

At the time of his arrest, law enforcement recovered numerous digital devices from the defendant's vehicle. Agents were able to review images and videos found on the computers forfeited by the defendant. His collection contained well over a million images and ranged from child erotica to child pornography of several victims. Law enforcement also recovered numerous personal items belonging to the defendant, including a list of

names, addresses, phone numbers, and email addresses. The physical addresses included on the list spanned the United States and foreign countries. This "client list" included HARPER and MONSIVAIS. The defendant distributed the child pornography he produced to HARPER and MONSIVAIS, as well as others.

The defendant admits he engaged in a series of felony violations of Title 18, United States Code, Sections 2252(a)(2) and (a)(4)(B), constituting three or more separate incidents. The defendant admits that each incident involved one or more minor victim(s); and that he committed the violations in concert with HARPER, YODER, and MONSIVAIS.

The defendant admits he used, persuaded, induced, enticed, and coerced minors to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct (including IMG_4477.jpg, IMG_4481.jpg, IMG_0339.jpg, IMG_0571.jpg, IMG_9442.jpg, IMG_0029.jpg, IMG_0696.jpg, IMG_0951.jpg, IMG_0993.jpg, IMG_2089.jpg, IMG_5543.jpg, IMG_5535.jpg, IMG_6940.jpg, IMG_5547.jpg, IMG_5530.jpg, IMG_6908.jpg, IMG_2945.jpg, and IMG_3366.jpg). The defendant also admits the visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate commerce by any means, including by computer. The defendant also admits he conspired with YODER, HARPER, and MONSIVAIS, to produce such visual depictions of minors engaging in sexually explicit conduct.

The defendant admits he knowingly distributed child pornography, as defined by 18 U.S.C. § 2256(8), or material which contained such child pornography. The defendant admits such items of child pornography or material containing such child pornography

had been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer. The defendant admits he knew that such items or material constituted or contained child pornography as defined in 18 U.S.C. § 2256(8). The defendant admits to conspiring with YODER, HARPER, and MONSIVAIS to distribute such child pornography.

The defendant admits he knowingly possessed child pornography, as defined by 18 U.S.C. § 2256(8), or material which contained such child pornography (including IMG_0449.mov, 19-08-27.mp4, and IMG_0200.mov). The defendant admits such items of child pornography or material containing such child pornography had been mailed, shipped or transported in interstate or foreign commerce, by any means, including by computer. The defendant admits he knew that such items or material constituted or contained child pornography as defined in 18 U.S.C. § 2256(8).

The defendant admits the property listed in Section X is (1) any visual depiction described in Title 18, United States Code, Sections 2251 and 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Sections 2251(a) and 2251(e), 2252A(a)(3) and 2252A(b)(1), 2252A(a)(5)(B), and 2252A(g); (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from violations of Title 18, United States Code, Sections 2251(a) and 2251(e), 2252A(a)(3) and 2252A(b)(1), 2252A(a)(5)(B) and 2252A(g); and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of Title 18, United States Code, Sections 2251(a) and 2251(e), 2252A(a)(3) and 2252A(b)(1), 2252A(a)(5)(B) and 2252A(g) or any property

traceable to such property, and is subject to forfeiture pursuant to Title 18, United States Code, Section 2253(a)(1), 2253(a)(2), and 2253(a)(3).

## V.    COLLATERAL USE OF FACTUAL ADMISSIONS

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the defendant does not plead guilty or withdraws his guilty pleas, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the defendant's behalf. The defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

## VI.   APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A.    Discretionary Nature of Sentencing Guidelines. The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

B.    Offense Level Calculations. The parties stipulate to the following calculation of the defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions:

.  .  .

<u>Case No. 2:13-cr-00368-JAD-VCF</u>

**Count One – Child Exploitation Enterprise, 18 U.S.C. § 2252A(g)**

| | |
|---|---|
| U.S.S.G. § 2G2.6(a)<br>Base Offense Level | 35 |
| U.S.S.G. § 2G2.6(b)(1)(A)<br>Minor under 12 years | +4 |
| U.S.S.G. § 2G2.6(b)(4)<br>Use of a Computer | +2 |
| **Total Offense Level** | **41** |

**Count Two – Sexual Exploitation of a Child, 18 U.S.C. § 2251(a) and (e)**

| | |
|---|---|
| U.S.S.G. § 2G2.1(a)<br>Base Offense Level | 32 |
| U.S.S.G. § 2G2.1(b)(1)(A)<br>Minor under 12 years | +4 |
| U.S.S.G. § 2G2.1(b)(3)<br>Distribution | +2 |
| U.S.S.G. § 2G2.1(b)(6)<br>Knowing Misrepresentation | +2 |
| **Total Offense Level** | **40** |

**Count Three – Conspiracy to Produce Child Pornography, 18 U.S.C. § 2251(a) and (e)**

| | |
|---|---|
| U.S.S.G. § 2G2.1(a)<br>Base Offense Level | 32 |
| U.S.S.G. § 2G2.1(b)(1)(A)<br>Minor under 12 years | +4 |
| U.S.S.G. § 2G2.1(b)(3)<br>Distribution | +2 |

U.S.S.G. § 2G2.1(b)(6)
Knowing Misrepresentation                                    +2

_____

**Total Offense Level**                                      **40**

**Count Four – Distribution of Child Pornography, 18 U.S.C. § 2252A(a)(3) and (b)(1)**

U.S.S.G. § 2G2.2(a)(2)
Base Offense Level                                          22

U.S.S.G. § 2G2.2(b)(2)
Prepubescent Minor                                          +2

U.S.S.G. § 2G2.2(b)(3)(A)
Distribution for Pecuniary Gain                             +5

U.S.S.G. § 2G2.2(b)(5)
Pattern of Sexual Abuse                                     +5

U.S.S.G. § 2G2.2(b)(6)
Use of Computer                                             +2

U.S.S.G.§ 2G2.2(b)(7)(D)
600+ Images                                                 +5

_____

**Total Offense Level**                                      **41**

**Count Five – Conspiracy to Distribute Child Pornography, 18 U.S.C. § 2252A(a)(3) and (b)(1)**

U.S.S.G. § 2G2.2(a)(2)
Base Offense Level                                          22

U.S.S.G. § 2G2.2(b)(2)
Prepubescent Minor                                          +2

U.S.S.G. § 2G2.2(b)(3)(A)
Distribution for Pecuniary Gain                             +5

U.S.S.G. § 2G2.2(b)(5)
Pattern of Sexual Abuse                                     +5

U.S.S.G. § 2G2.2(b)(6)
Use of Computer                                             +2

U.S.S.G.§ 2G2.2(b)(7)(D)
600+ Images                                                    +5

**Total Offense Level**                                        **41**

<u>Case No. CR-15-8082-PCT-SMM/2:19-cr-00047-JAD-VCF</u>

**Count One – Production of Child Pornography, 18 U.S.C. § 2251(a) and (e)**

U.S.S.G. § 2G2.1(a)
Base Offense Level                                             32

U.S.S.G. § 2G2.1(b)(1)(A)
Minor under 12 years                                          +4

U.S.S.G. § 2G2.1(b)(3)
Distribution                                                  +2

U.S.S.G. § 2G2.1(b)(6)
Knowing Misrepresentation                                     +2

**Total Offense Level**                                        **40**

**Count Two – Production of Child Pornography, 18 U.S.C. § 2251(a) and (e)**

U.S.S.G. § 2G2.1(a)
Base Offense Level                                             32

U.S.S.G. § 2G2.1(b)(1)(A)
Minor under 12 years                                          +4

U.S.S.G. § 2G2.1(b)(3)
Distribution                                                  +2

U.S.S.G. § 2G2.1(b)(6)
Knowing Misrepresentation                                     +2

**Total Offense Level**                                        **40**

**Count Three – Production of Child Pornography, 18 U.S.C. § 2251(a) and (e)**

17

| | |
|---|---|
| U.S.S.G. § 2G2.1(a)<br>Base Offense Level | 32 |
| U.S.S.G. § 2G2.1(b)(1)(A)<br>Minor under 12 years | +4 |
| U.S.S.G. § 2G2.1(b)(3)<br>Distribution | +2 |
| U.S.S.G. § 2G2.1(b)(6)<br>Knowing Misrepresentation | +2 |
| **Total Offense Level** | **40** |

**Count Four – Production of Child Pornography, 18 U.S.C. § 2251(a) and (e)**

| | |
|---|---|
| U.S.S.G. § 2G2.1(a)<br>Base Offense Level | 32 |
| U.S.S.G. § 2G2.1(b)(1)(A)<br>Minor under 12 years | +4 |
| U.S.S.G. § 2G2.1(b)(3)<br>Distribution | +2 |
| U.S.S.G. § 2G2.1(b)(6)<br>Knowing Misrepresentation | +2 |
| **Total Offense Level** | **40** |

**Count Five – Production of Child Pornography, 18 U.S.C. § 2251(a) and (e)**

| | |
|---|---|
| U.S.S.G. § 2G2.1(a)<br>Base Offense Level | 32 |
| U.S.S.G. § 2G2.1(b)(1)(A)<br>Minor under 12 years | +4 |
| U.S.S.G. § 2G2.1(b)(3)<br>Distribution | +2 |

U.S.S.G. § 2G2.1(b)(6)
Knowing Misrepresentation                                    +2

**Total Offense Level**                                        **40**

## Count Six – Production of Child Pornography, 18 U.S.C. § 2251(a) and (e)

U.S.S.G. § 2G2.1(a)
Base Offense Level                                              32

U.S.S.G. § 2G2.1(b)(1)(A)
Minor under 12 years                                           +4

U.S.S.G. § 2G2.1(b)(3)
Distribution                                                   +2

U.S.S.G. § 2G2.1(b)(6)
Knowing Misrepresentation                                      +2

**Total Offense Level**                                      **40**

## Count Seven – Production of Child Pornography, 18 U.S.C. § 2251(a) and (e)

U.S.S.G. § 2G2.1(a)
Base Offense Level                                             32

U.S.S.G. § 2G2.1(b)(1)(A)
Minor under 12 years                                          +4

U.S.S.G. § 2G2.1(b)(3)
Distribution                                                  +2

U.S.S.G. § 2G2.1(b)(6)
Knowing Misrepresentation                                     +2

**Total Offense Level**                                     **40**

## Count Eight – Production of Child Pornography, 18 U.S.C. § 2251(a) and (e)

U.S.S.G. § 2G2.1(a)

| | |
|---|---:|
| Base Offense Level | 32 |
| U.S.S.G. § 2G2.1(b)(1)(A)<br>Minor under 12 years | +4 |
| U.S.S.G. § 2G2.1(b)(3)<br>Distribution | +2 |
| U.S.S.G. § 2G2.1(b)(6)<br>Knowing Misrepresentation | +2 |
| **Total Offense Level** | **40** |

**Count Nine – Production of Child Pornography, 18 U.S.C. § 2251(a) and (e)**

| | |
|---|---:|
| U.S.S.G. § 2G2.1(a)<br>Base Offense Level | 32 |
| U.S.S.G. § 2G2.1(b)(1)(A)<br>Minor under 12 years | +4 |
| U.S.S.G. § 2G2.1(b)(3)<br>Distribution | +2 |
| U.S.S.G. § 2G2.1(b)(6)<br>Knowing Misrepresentation | +2 |
| **Total Offense Level** | **40** |

**Count Ten – Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B), 2252A(b)(2) and 2256**

| | |
|---|---:|
| U.S.S.G. § 2G2.2(a)(1)<br>Base Offense Level | 18 |
| U.S.S.G. § 2G2.2(b)(2)<br>Prepubescent Minor | +2 |
| U.S.S.G. § 2G2.2(b)(3)(A)<br>Distribution for Pecuniary Gain | +5 |
| U.S.S.G. § 2G2.2(b)(5)<br>Pattern of Sexual Abuse | +5 |

U.S.S.G. § 2G2.2(b)(6)
Use of Computer                                            +2

U.S.S.G.§ 2G2.2(b)(7)(D)
600+ Images                                                +5

---

**Total Offense Level**                                    **37**

### Count Eleven – Production of Child Pornography, 18 U.S.C. § 2251(a) and (e)

U.S.S.G. § 2G2.1(a)
Base Offense Level                                          32

U.S.S.G. § 2G2.1(b)(1)(A)
Minor under 12 years                                       +4

U.S.S.G. § 2G2.1(b)(3)
Distribution                                               +2

U.S.S.G. § 2G2.1(b)(6)
Knowing Misrepresentation                                  +2

---

**Total Offense Level**                                    **40**

### Count Twelve – Production of Child Pornography, 18 U.S.C. § 2251(a) and (e)

U.S.S.G. § 2G2.1(a)
Base Offense Level                                          32

U.S.S.G. § 2G2.1(b)(1)(A)
Minor under 12 years                                       +4

U.S.S.G. § 2G2.1(b)(3)
Distribution                                               +2

U.S.S.G. § 2G2.1(b)(6)
Knowing Misrepresentation                                  +2

---

**Total Offense Level**                                    **40**

**Count Thirteen – Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B), 2252A(b)(2) and 2256**

| | |
|---|---|
| U.S.S.G. § 2G2.2(a)(1) Base Offense Level | 18 |
| U.S.S.G. § 2G2.2(b)(2) Prepubescent Minor | +2 |
| U.S.S.G. § 2G2.2(b)(3)(A) Distribution for Pecuniary Gain | +5 |
| U.S.S.G. § 2G2.2(b)(5) Pattern of Sexual Abuse | +5 |
| U.S.S.G. § 2G2.2(b)(6) Use of Computer | +2 |
| U.S.S.G.§ 2G2.2(b)(7)(D) 600+ Images | +5 |

| | |
|---|---|
| **Total Offense Level** | **37** |

**Count Fourteen – Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B), 2252A(b)(2) and 2256**

| | |
|---|---|
| U.S.S.G. § 2G2.2(a)(1) Base Offense Level | 18 |
| U.S.S.G. § 2G2.2(b)(2) Prepubescent Minor | +2 |
| U.S.S.G. § 2G2.2(b)(3)(A) Distribution for Pecuniary Gain | +5 |
| U.S.S.G. § 2G2.2(b)(5) Pattern of Sexual Abuse | +5 |
| U.S.S.G. § 2G2.2(b)(6) Use of Computer | +2 |
| U.S.S.G.§ 2G2.2(b)(7)(D) 600+ Images | +5 |

| | |
|---|---|
| **Total Offense Level** | **37** |
| **Highest Offense Level:** | **41** |
| U.S.S.G. § 3D1.4<br>Grouping Enhancement: | +5 |
| **Combined Offense Level:** | **46** |
| U.S.S.G. § 4B1.5(b)(1)<br>Repeat and Dangerous Sex Offender Against Minors | +5 |
| **Adjusted Combined Offense Level:** | **51** |
| **Reductions:** | |
| Contingent Reduction for<br>Acceptance of Responsibility<br>U.S.S.G. §3E1.1(a): | - 2 |
| Contingent Reduction for<br>Government Motion for Timeliness of Plea<br>U.S.S.G. §3E1.1(b): | - 1 |
| **Total Offense Level:** | **48** |

C.     Reduction of Offense Level for Acceptance of Responsibility. Under U.S.S.G. § 3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement

or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG § 3E1.1(b), if the Court determines that the defendant's total offense level, before operation of § 3E1.1(a), is 16 or higher, and if the United States recommends a two-level downward adjustment pursuant to the preceding paragraph, the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the defendant communicated his decision to plead guilty in a timely manner that enabled the United States to avoid preparing for trial and to efficiently allocate its resources.

D.    Criminal History Category. The defendant acknowledges that the Court may base his sentence in part on the defendant's criminal record or criminal history. The Court will determine the defendant's Criminal History Category under the Sentencing Guidelines.

E.    Relevant Conduct. The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

F.    Additional Sentencing Information. The stipulated Sentencing Guidelines calculations are based on information now known to the parties. The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information

or to correct factual misstatements shall not be grounds for the defendant to withdraw his guilty plea.

The defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. The defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for the defendant to withdraw his guilty plea.

## VII.   APPLICATION OF SENTENCING STATUTES

A.   Maximum Penalties. The maximum penalty for a violation of Title 18, United States Code, Section 2252A(g), Child Exploitation Enterprise, is life imprisonment, a $250,000 fine, or both. *See* 18 U.S.C. 2252A(g); 18 U.S.C. § 3571(b)(3). The maximum penalty for a violation of Title 18, United States Code, Section 2251, Sexual Exploitation of Children and Conspiracy to Produce Child Pornography, is 30 years, a $250,000 fine, or both. *See* 18 U.S.C. § 2251(e); 18 U.S.C. § 3571(b)(3). The maximum penalty for a violation of Title 18, United States Code, Section 2252A(a)(3), Distribution of Child Pornography and Conspiracy to Distribute Child Pornography, is 20 years, a $250,000 fine, or both. *See* 18 U.S.C. 2252A(b)(1); 18 U.S.C. 3571(b)(3). The maximum penalty for a violation of Title 18, United States Code, Section 2252A(a)(5), Possession of Child Pornography, is 20 years, a $250,000 fine, or both.

B.   Mandatory Minimum Sentencing Provisions. The statutory mandatory minimum sentence for Child Exploitation Enterprise, 18 U.S.C. 2252A(g), is a 20-year prison sentence. The statutory mandatory minimum sentence for Sexual Exploitation of

a Child, Production of Child Pornography and Conspiracy to Produce Child Pornography, 18 U.S.C. 2251(a) and (e), is a 15-year prison sentence. The statutory mandatory minimum sentence for Distribution of Child Pornography and Conspiracy to Distribute Child Pornography, 18 U.S.C. § 2252A(a)(2), is a 5-year prison sentence. The defendant understands that he cannot and will not receive a sentence that is lower than twenty years in prison.

C.   Factors Under 18 U.S.C. § 3553. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence.

D.   Parole Abolished. The defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

D.   Supervised Release. In addition to imprisonment and a fine, the defendant will be subject to a minimum term of supervised release of five years up to a maximum term of life. 18 U.S.C. § 3583(k). Supervised release is a period of time after release from prison during which the defendant will be subject to various restrictions and requirements. If the defendant violates any condition of supervised release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment up to and including the statutory maximum prison sentence of life imprisonment.

E.   Special Assessment. The defendant will pay a $100.00 special assessment per count of conviction at the time of sentencing for a total of $1,900.00.

.   .   .

## VIII.  POSITIONS REGARDING SENTENCE

In setting forth the following sentencing recommendations, the parties have taken into consideration all of the factors set forth in 18 U.S.C. 3553(a), including:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;
(2) The need for the sentence imposed—
    A. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    B. To afford adequate deterrence to criminal conduct;
    C. To proctect the public from further crimes of the defendant; and
    D. To provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner;
(3) The kinds of sentences available;
(4) The kinds of sentences and the sentencing range established for—
    A. The applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . .
(5) Any pertinent policy statement . . . .
(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) The need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a). In particular, the parties have already considered the defendant's lack of substantial criminal history and age, and have balanced those factors against the need for the recommended sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. Moreover, the parties have given the defendant the benefit of his bargain by jointly recommending a sentence that is a significant downward variance from the applicable guidelines range of life.

Both parties therefore agree to recommend a variance under 18 U.S.C. § 3553(a), and jointly request a sentence of 354 months custody with a life term of supervised release to follow. The parties anticipate that the defendant's guideline range will be life.

Notwithstanding the fact that the guideline range under this plea agreement would be life, the parties make a binding recommendation that the defendant be sentenced to 354 months in custody. The parties agree that the abovementioned sentence is reasonable under 18 U.S.C. § 3553(a). The defendant acknowledges that this sentence will be binding on the Court pursuant to Fed. R. Crim. Pro. 11(c)(1)(A) and (C). Either party may withdraw from this plea agreement if the Court does not sentence the defendant according to the aforementioned calculations and recommendation. This Plea Agreement does not require that United States file any pre- or post-sentence downward departure motion under U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35. The United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

The defendant will not directly or indirectly request a sentence below 354 months in custody or less than a life term of supervised release.

## IX.    RESTITUTION

The defendant acknowledges that the conduct to which he is entering a plea is gives rise to mandatory restitution to the victims under 18 U.S.C. § 2259. The defendant agrees that for the purpose of assessing such restitution, the Court may consider losses derived from the counts of conviction as well as losses caused from dismissed counts and uncharged conduct in which the defendant has been involved. The United States will prove the "full amount of the victim's losses" reasonably calculated and foreseeable to the defendant's actions of sexually exploiting children, producing child pornography, and distributing child pornography at the time of sentencing. The defendant agrees that because he produced and distributed images and videos of S.T., K.S., T.R., D.G., N.H.,

B.H., J.M., and John Does 1-6, he will pay the "full amount of the victim's loss" without requiring the United States to disaggregate the loss attributed to production as opposed to distribution.

The United States and the defendant stipulate and agree that the other child pornography images received, distributed, or possessed by the defendant depicted images of victims being sexually abused and further agree that a victim's knowledge that images of his or her abuse is being disseminated and possessed by others and caused certain victims to be re-victimized and has resulted in harm that is distinct from that suffered from the actual contact physical sexual abuse, thus such victims are harmed by the actions of the defendant. In consequence of these factors, if the Government meets its burden under 18 U.S.C. § 2259 and pursuant to *Paroline v. United States*, 134 S. Ct. 1710 (2014), the defendant agrees to pay restitution in the amount of $5,000.00 per victim, for any victim who may be identified through the Child Victim Identification Program (CVIP) and/or Child Recognition and Identification System (CRIS) and who requests restitution prior to sentencing.

The defendant acknowledges that if his offense conduct occurred after May 29, 2015, and unless the Sentencing Court finds the defendant to be indigent, an additional mandatory special assessment of $5,000.00 per count must be imposed pursuant to the Justice for Victims of Trafficking Act of 2015 which amends 18 U.S.C. §3014.

## X.     FORFEITURE

The defendant knowingly and voluntarily:

A. Agrees to the District Court imposing the civil judicial forfeiture or the criminal forfeiture of:

1.  Dell computer tower, model no. Vostro 400, serial no. D2CXRF1, containing a Seagate 1TB SATA hard drive, model no. ST1000DM003, serial no. S1D0MRJQ;

2.  Hitachi 2TB external hard drive, model no. HT0LDNB20001BBB, serial no. F31G2NXD;

3.  Western Digital 1TB hard drive, model no. WD10EADS, serial no. WCAV5M930266;

4.  SanDisk card reader;

5.  SanDisk 16GB compact flash card;

6.  Panasonic video camera, model no. SDR-H85P, serial no. J01A18002;

7.  Two micro video cassettes;

8.  Proof of residence documents;

9.  Compaq Presario laptop computer, model no. CQ57, serial no. 5CB2174R1P, containing a Seagate 320GB SATA hard drive, model no. ST9320325AS, serial no. 6VDFR10V;

10. Canon Mark II digital camera, serial no. 4252102526;

11. Emachines desktop computer, model no. EL1850, serial no. PTNBK02012040038589600, containing a 500GB SATA hard drive, model no. HDS721050CLA362, serial no. HE1BIMMT;

12. Gateway desktop computer, model no. DX4860-UB33P, serial no. PTGCPP200420400EF66300, containing a Western Digital 1TB SATA hard drive, model no. WD10EARX, serial no. WMC0T0032462;

13. Compaq Presario desktop computer, model no. SR5034X, serial no. MXX71406PP, containing a Samsung 160GB SATA hard drive, model no. HD160JJ/P, serial no. S0DFJ1GP107611;

14. Apple iPhone 4S, model no. A1387, serial no. CBPH20MGDTDW, IMEI no. 99000110136386, containing a Sprint mini SIM card, no. 8901010008831126638F;

15. 100 CDs and DVDs;

16. 13 CDs and DVDs;

17. Hitachi DVD Cam, serial no. 50320241;

18. Sony digital camera, model no. MVC-FD100, serial no. 500023, containing a 3.5 inch floppy diskette with 128MB of memory;

19. Kodak digital camera, model no. Easyshare Z710, serial no. KCXGG64336528;

20. Kodak digital camera, model no. Z981, serial no. KVYMN02061276;

21. Black HP laptop, model no. G6-2237US, serial no. 5CD2490UMC;

22. Toshiba Satellite C655D-S5209 laptop, serial no. 7B231863Q;

23. Toshiba Satellite C55D-A5304 laptop, serial no. YD280824Q;

24. Black Seagate Expansion Desktop drive, P/N 1D7AP3-500, serial no. NA4K688Y;

25. Apple iPhone in black case, model no. A1332;

26. Apple iPhone without a case, model no. A1387;

27. Black Samsung cellular flip phone, model SPH-M270;

28. Black digital Canon EOS camera, model no. DS126201, serial no. 3211600699;

29. Canon Rebel XSi camera, model no. DS126181, serial no. 0670215963, containing 2GB SD card;

30. Nikon D700 digital camera, serial no. 3114091, containing an 8GB SD card and a 16GB SD card;

31. Apple iPhone 4, FCC ID BCG-E2422A;

32. Apple iPhone 4S, FCC ID BCG-E2430A;

33. Toshiba external drive, serial no. 23EAPV0ZTRE8;

34. HP Pavilion Computer, serial no. 5CD249WMC;

35. Kodak 2GB SD card;

36. PNY 16GB SD card;

37. 2 SanDisk 8GB Compact Flash cards

38. SanDisk 8GB SD card; and

39. iPhone, FCC ID: BCG-E23808

(all of which constitutes property);

A. Agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property;

B. Abandons or forfeits the property to the United States;

C. Relinquishes all possessory rights, ownership rights, and all rights, titles, and interests in the property;

D. Waives his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings of the property (proceedings);

E. Waives service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case;

F. Waives any further notice to him, his agents, or his attorney regarding the abandonment or the forfeiture and disposition of the property;

G. Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property;

H. Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, all constitutional requirements, including but not limited to, the constitutional due process requirements of any proceedings concerning the property;

I. Waives his right to a jury trial on the forfeiture of the property;

J. Waives all constitutional, legal, and equitable defenses to the forfeiture or abandonment of the property in any proceedings, including, but not limited to, (1) constitutional or statutory double jeopardy defenses and (2) defenses under the Excessive Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution;

K. Agrees to the entry of an Order of Forfeiture of the property to the United States;

L. Waives the right to appeal any Order of Forfeiture;

M. Agrees the property is forfeited to the United States;

N.  Agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to the abandonment or the forfeiture;

O.  Acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution; and

P.  Agrees to take all steps as requested by the United States to pass clear title of the property to the United States and to testify truthfully in any judicial forfeiture proceedings. The defendant understands and agrees that the property represents proceeds and/or facilitating property of illegal conduct and is forfeitable. The defendant acknowledges that failing to cooperate in full in the forfeiture of the property constitutes a breach of this Plea Agreement.

## XI.   FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay. The defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and will release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered by the Court.

## XII.   THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

A.   <u>Plea Agreement and Decision to Plead Guilty</u>. The defendant acknowledges that:

(1)     He has read this Plea Agreement and understands its terms and conditions;

(2)     He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

(3)     He has discussed the terms of this Plea Agreement with his attorney;

(4)     The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

(5)     He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

The defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial. The defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

B.     Waiver of Appeal and Post-Conviction Proceedings. The defendant knowingly and expressly waives: (a) the right to appeal any sentence of 354 months in custody; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the

procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The defendant reserves only the right to appeal any portion of the sentence that is in excess of 354 months in custody.

The defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

C.   Sex Offender Requirements (SORNA)

The defendant understands and agrees that under the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 et. seq., he must register as a sex offender and keep the registration current in each of the following jurisdictions: (1) where the defendant resides; (2) where the defendant is an employee; and (3) where the defendant is a student. The defendant understands that he must comply with all the registration requirements contained in SORNA. 42 U.S.C. § 16901 et. seq. The defendant further understands that the requirements for registration include, but are not limited to, providing defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or a student.

The defendant further understands that the requirement to keep the registration current includes, but is not limited to, informing at least one jurisdiction in which the defendant resides, is an employee, or is a student no later than three business days after any change of defendant's name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects the defendant to an additional prosecution for failure to register as a sex offender under 18 U.S.C. § 2250(a).

D.     Removal/Deportation Consequences. The defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement. The defendant has also been advised if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The defendant acknowledges that he has specifically discussed these removal/deportation consequences with his attorney.

## XIII.  ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect

. . .

. . .

. . .

. . .

. . .

1  unless set forth in writing and signed by all parties or confirmed on the record before the

2  Court.

3                                          NICHOLAS A. TRUTANICH,
                                           United States Attorney
4
   DATE   2-25-19              *Elham Roohani*
5                                          ELHAM ROOHANI
                                           Assistant United States Attorney
6
   DATE  2|25|19
7
                                           HEIDI OJEDA
8                                          Assistant Federal Public Defender
                                           Counsel for Defendant THOMPSON
9
   DATE  2|25|19
10                                         WILLIAM CLYDE THOMPSON
                                            Defendant
11

12

13

14

15

16

17

18

19

20

21

22

23

24